IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION FILE |
| | : | |
| LOIS ANN WILLIAMS, | : | NO.  1:10-CR-150-TCB-AJB |
| | : | |
| Defendant. | : | |

UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION

Before the Court is Defendant Lois Ann Williams' motion to dismiss the indictment for improper venue. [Doc. 12]. The government has filed a brief in opposition. [Doc. 17]. Defendant did not file a reply brief. [*See* Dkt.]. For the following reasons, the Court **RECOMMENDS** that the motion be **DENIED**.

*Introduction*

On April 6, 2010, a grand jury in this District returned a 44-count indictment against Williams charging her with wire fraud in violation of 18 U.S.C. § 1343. [Doc. 1]. The indictment alleges, in material part, that from July 2002 until December 2008 "in the Northern District of Georgia and elsewhere," Williams devised a scheme and artifice to defraud the Social Security Administration

AO 72A
(Rev.8/82)

("SSA") and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises. [*Id.* at 1].

The indictment alleged the scheme to defraud as follows. The SSA pays Retirement, Survivors, and Disability benefits under a social insurance program administered by it. [*Id.*]. When a person who has worked and paid Social Security taxes dies, certain members of the family may be eligible for survivor benefits through the Survivor's Insurance Benefits Program (SIB), which pays monthly cash benefits to eligible dependents of deceased workers. [*Id.* at 1-2]. Also, the Retirement Insurance Benefits Program (RIB) pays monthly benefits to eligible retired workers and their eligible dependents, in an amount based upon the earnings record of the person entitled to receive retirement benefits. [*Id.* at 2]. Williams became entitled to SIB in May 1999. [*Id.*]. Williams' mother-in-law, Blanche Blum, was a recipient of both RIB (beginning November 1968) and SIB (beginning in June 1984). [*Id.*]. The SSA issued benefits payments either in the form of a check issued through the U.S. Treasury on the SSA's behalf and then sent through the U.S. Postal Service ("USPS") or by electronic transfer of funds ("ETF") from the Treasury into a bank account designated by the recipient, with the recipient choosing the desired form of payment. [*Id.*]. Williams

2

received SIB payments, and Blum received RIB and SIB payments, via both the USPS and ETF. [*Id.* at 1-2].

The indictment then alleges that prior to February 2002, Williams received her SIB check via the USPS, and from February 2002 until June 2002, via ETF into bank account #xxx8222 at the Phenix-Gerard bank, where she was the sole account holder. [*Id.* at 3]. Williams and Blum were joint account holders of Phenix-Gerard bank account #xxx7530, and Blum's RIB and SIB payments were deposited into that account. [*Id.*]. After Blum died in 2002, Williams failed to notify the SSA of her demise. [*Id.*]. Williams directed the SSA to deposit her SIB payments into Phenix-Gerard bank account #xxx7530 effective July 2002. [*Id.*]. As a result, the SSA deposited $74, 574.00 in RIB and SIB payments designated to Blum into that account from July 2002 through December 2008. [*Id.* at 4]. Williams withdrew funds from that account which were designated Blum and used the funds for her personal benefit. [*Id.*].

The indictment then alleged that

> within the Northern District of Georgia and elsewhere, [Williams] for the purpose of executing the aforesaid scheme and artifice to defraud, caused to be transmitted in interstate commerce, by means of a wire communication, certain signs, signals, and sounds, which resulted in the transfers of funds from the United States Department of the Treasury, Philadelphia, Pennsylvania, on behalf of the [SSA], RIB and SIB benefit

payments, to Phenix-Girard bank account #xxx7530, in Phoenix City, Alabama

44 payments for a grand total of $43,392.00. [Doc. 1 at 4-6].

### *Contentions of the Parties*

Williams contends that she has a constitutional and statutory right to be tried in the judicial district where the offense allegedly was committed. Since the wire fraud statute does not have its own venue provision, the general venue statute, 18 U.S.C. § 3227(a) requires that the indictment be brought in any district where the crime was begun, continued or completed. She cites to Supreme Court decisions in which the Court held that venue is proper only in a district in which the essential conduct elements of the offense take place. [Doc. 12 at 3 (citing *United States v. Cabrales*, 524 U.S. 1, 6-7 (1998), and *United States v. Rodriguez-Moreno*, 526 U.S. 275, 279-80 (1999))]. She argues that the essential conduct elements of wire fraud occurred (1) in the Middle District of Alabama, where the Phenix-Girard bank account was established and maintained after Blum's death, or (2) in the Middle District of Georgia, where Blum resided (Columbus, Ga.) prior to her death. [Doc. 12 at 4]. In any event, she contends, the Northern District of Georgia is not the proper venue because no essential conduct elements occurred here. [*Id.*].

4

The government opposes the motion. [Doc. 17]. Although the government agrees that venue in a wire fraud prosecution may be proper in any district where the scheme began, continued or was completed, [*id.* at 2], it contends that venue is proper here because the Social Security benefit funds that passed through the Northern District of Georgia. Specifically, social security benefit funds were wired from: (1) a United States Treasury SSA Cycling Office in Philadelphia, Pennsylvania; (2) to the Federal Reserve Bank of Philadelphia, Pennsylvania; (3) to the Federal Reserve Bank of Atlanta, Georgia; and (4) then to Phenix-Girard Bank in Phenix City, Alabama. [*Id.* at 2-3]. It states that at trial it will introduce evidence and testimony from employees of the Federal Reserve Bank of Atlanta concerning routing procedures of the United States Treasury funds involved in this case. [*Id.*]. It further contends that the indictment's allegation that the conduct occurred "in the Northern District of Georgia and elsewhere" is sufficient. [*Id.*].

### *Discussion*

The Constitution in two provisions guarantees criminal defendants the right to trial in the location where the offense was committed. Article III, section 2 provides that "[t]he trial of all crimes . . . shall be held in the State where the said Crimes shall have been committed." Also, the Sixth Amendment of the Constitution restates this

5

AO 72A
(Rev.8/82)

guarantee, providing that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed." In addition, FED. R. CRIM. P. 18 codifies this guarantee, stating that a defendant is entitled to be prosecuted in "a district where the offense was committed." *See also United States v. Breitweiser*, 357 F.3d 1249, 1253 (11th Cir. 2004).

The Eleventh Circuit applies the following test in determining whether venue is proper: "whether, viewing the evidence in the light most favorable to the government and making all reasonable inferences and credibility choices in favor of the jury verdict . . . the Government proved by a preponderance of the evidence" that the crimes occurred in the district in which the defendant was prosecuted. *Id.* (quoting *United States v. Males*, 715 F.2d 568, 569 (11th Cir. 1983), and *United States v. White*, 611 F.2d 531, 535 (5th Cir. 1980)). The " 'locus delicti [of a crime] must be determined from the nature of the crime alleged and the location of the act or acts constituting it.' " *Id.* (quoting *Rodriguez-Moreno*, 526 U.S. at 279, and *Cabrales*, 524 U.S. at 6-7).

"[W]ire fraud [is] a 'continuing offense,' as defined in 18 U.S.C. § 3237(a), [and is] properly tried in any district where a . . . wire communication was transmitted in furtherance of [the] fraud scheme." *United States v. Ebersole*, 411 F.3d 517, 527

6

(4th Cir. 2005) (quoting *United States v. Kim*, 246 F.3d 186, 191 (2d Cir. 2001)); *see also United States v. McCulley*, 673 F.2d 346, 350 (11th Cir. 1982) (noting crimes involving transportation are "continuing offenses" under § 3237(a) and to establish venue in those cases the government need only show that the crime took place on a form of transportation in interstate commerce); 18 U.S.C. § 3237(a) ("Any offense involving . . . transportation in interstate or foreign commerce . . . is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce . . . moves."). In order to establish proper venue, the government need only present proof sufficient to allow a rational trier of fact to conclude that venue was proper by a preponderance of the evidence. *United States v. Grenoble*, 413 F.3d 569, 573 (6th Cir. 2005).

In this case, the government asserts that it will prove that the RIB and SIB payments transmitted by wire from Philadelphia, Pennsylvania to Phenix City, Alabama, were transmitted through Atlanta, Georgia. The law, however, in this Circuit is clear: in ruling on a motion to dismiss, a district court is limited to reviewing the face of the indictment and, more specifically, the language used to charge the crimes. *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006) (citing *United States v.*

7

*Critzer*, 951 F.2d 306, 307 (11th Cir.1992)). A court may not "dismiss an indictment . . . on a determination of facts that should have been developed at trial." *Id*. (quoting *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987)). This is because

> [t]here is no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of sufficiency of the evidence. Moreover, this court is constitutionally barred from ruling on a hypothetical question. The sufficiency of a criminal indictment is determined from its face. The indictment is sufficient if it charges in the language of the statute.
>
> [A]n indictment must be sufficiently specific to inform the defendant of the charge against him and to enable him to plead double jeopardy in any future prosecution for the same offense. An indictment satisfies these requirements as long as the language therein sets forth the essential elements of the crime. *United States v. Cole*, 755 F.2d 748, 759 (11th Cir. 1985).

*Critzer*, 951 F.2d at 307-08. Therefore, in ruling on Defendant's motion to dismiss, the Court cannot address Defendant's contentions that the Government is unable to prove venue, nor the Government's contrary argument that it can. Therefore, the Court is limited to determining whether the government's allegation that Defendant committed the offenses in the Northern District of Georgia "and elsewhere" is sufficient.

Under the Federal Rules of Criminal Procedure, an indictment must "be a plain, concise and definite written statement of the essential facts constituting the offense

8

charged." FED. R. CRIM. P. 7(c). Nowhere in Rule 7(c) is there a requirement that the government even plead venue. An indictment need not specify the exact location of the offense, but rather must be sufficiently specific to allege that the crime was committed within the jurisdiction of the court. *United States v. Crews*, 605 F. Supp. 730, 735 (S.D. Fla. 1985); 1 Charles Allen Wright, FEDERAL PRACTICE AND PROCEDURE § 125 (2006). Inasmuch as the indictment alleges that the offenses occurred with the Northern District of Georgia, the indictment is properly pleaded.[1]

As a result, the Court rejects Williams' contentions that venue is improper in this District.

*Conclusion*

For all of the reasons stated above, the Court **RECOMMENDS** that Defendant's motion to dismiss for improper venue, [Doc. 12], be **DENIED**. The Court has now ruled on all pretrial motions and has not been advised of any impediment to the

---

[1] This pleading rule should not be confused with the government's obligation to prove venue at trial. *See United States v. Stickle*, 454 F.3d 1265, 1271 (11th Cir. 2006) (venue is "non-essential element" of a crime); *United States v. Schlei*, 122 F.3d 944, 974 (11th Cir. 1997) (quoting *United States v. Barnes*, 681 F.2d 717, 722 (quotation omitted), *amended by*, 694 F.2d 233 (11th Cir. 1982)) ("[T]erritorial jurisdiction and venue are essential elements of any offense in the sense that the burden of proof is on the prosecution to prove their existence. . . . However, venue need only be proved by a preponderance of the evidence as opposed to beyond a reasonable doubt.").

9

scheduling of the trial. Accordingly, this action is **CERTIFIED READY FOR TRIAL**.

**IT IS SO RECOMMENDED AND CERTIFIED**, this the 2d day of August, 2010.

_____
**ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE**

AO 72A
(Rev.8/82)